UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOHN PORTER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| EVANSVILLE POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.  This is an action brought by Plaintiff, John Porter, Jr. ("Porter"), by counsel, against Defendant, Evansville Police Department ("Defendant"), for its discriminatory actions towards him based on his disabilities in violation of the Americans with Disabilities Act, as amended, ("ADAAA") 42 U.S.C. § 12101 et. seq., for its discriminatory actions towards him based on his race, and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq.

**II. PARTIES**

2.  Porter is a citizen of the United States, the State of Indiana and, at all times relevant to this litigation, resided in Vanderburgh County, Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3.  Defendant is a governmental entity, which maintains offices and conducts operations within the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 42 U.S.C. §2000e(b).

6. At all times relevant to this action, Porter was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 42 U.S.C. §2000e(f).

7. Porter is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Porter's disability and/or Defendant regarded Porter as being disabled.

8. Porter exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability, race, and retaliation. Porter has filed his Complaint within ninety (90) days of receipt of her Notice of Suit Rights.

9. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Porter who is African-American, was hired by the Defendant in or about January 2014, as a Police Officer.

11. Porter is currently employed with the Defendant.

12. At all times relevant, Porter met or exceeded Defendant's legitimate performance expectations.

13. Porter is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8). Defendant knew of Porter's disability and/or regarded Porter as being disabled and/or Porter has a record of being disabled.

14. Porter has the diagnosed disabilities of irritable bowl syndrome and anxiety – for which he receives on-going medical treatment.

15. Porter was the only African-American Detective for almost 2 years.

16. Porter has endured harassment during his entire tenure with the Defendant due to his race. Porter has been referred to as Denzel Washington from the movie Training Day (where his character was a dirty police officer), Porter has been told he looked like a member of the rap group NWA, he was a "thug with a badge" or "thug" on numerous occasions, Porter and his family are drug dealers, Porter was being investigated for dealing drugs, he is a "dirty cop" and that other officers should not associate with Porter and rethink being Porter's partner

17. In January 2020, Porter was promoted to the position of Uniform Narcotics Detective. Porter was the only African-American in the Narcotics Department.

18. From the outset of his transfer to the Narcotics Department, Proter was provided with little to no training or instruction and was told to – figure it out. Due to COVID, the Narcotics Department was slowed down immensely, and Porter could not gain any experience as a result.

19. In December of 2020, Mike Gray ("Gray") became Porter's supervisor.

20. Upon becoming Porter's supervisor, Gray told Porter he was taking too many "comp days" for his medical appointments. Porter explained his on-going mental health condition, but Gray did not relent. Porter was tracked by GPS and told he could not go home to use the restroom, which he would have to do because of his disabilities. However, White officers

were allowed to use comp days and take bathroom breaks and run personal errands without question.

21. Gray, as Porter's supervisor, continued with his discriminatory statements. For example, Gray commented on Porter's personal vehicle and said there was no way that policeman could afford such a car (again implying Porter was a drug dealer) and called Porter "Allen Iverson" (an African-American basketball player) because Porter asked about wearing his diamond earrings.

22. In October 2021, Porter was demoted from Narcotics Detective to Patrol Man – without prior disciplinary action. Gray told Porter he was being demoted because he had too many doctor's appointments and/or comp days.

23. Porter was replaced by Dylan Barnes ("Barnes") who is White. Moreover, Porter trained Barnes. In addition to loss of rank, Cp lost pay and a take-home vehicle due to the demotion.

24. Porter has complained of the harassment throughout his tenure, but was told the comments were just jokes.

25. In December 2021, Porter engaged in a protected activity and complained to Chief Billy Bolin about the discrimination he had endured. However, no action has been taken by the Defendant and Porter was told that his complaints of racism were just his "opinion."

26. On May 16, 2022, Porter engaged in a protected activity and filed a Charge of Discrimination with the EEOC (EEOC Charge No.: 470-2022-02680) alleging that he had been discriminated against based on his disabilities and/or race and that he had been retaliated against.

27. In or about October or November 2022, a position opened with the Defendant's Violent Incident Prevention Enforcement Response ("VIPER") unit.

28. Porter was qualified for and applied for the position.

29. However, on or about November 22, 2022, the position was awarded to a lesser qualified White officer – Kyle Dennis.

30. Porter has been subjected to harassment, a hostile work environment, demoted, and passed over for positions due to his race and/or disabilities and/or in retaliation for engaging in a protected activity.

## V. Legal Allegations

### Count I - Disability Discrimination

31. Porter hereby incorporates paragraphs one (1) through thirty (30) of his Complaint.

32. Defendant violated Porter's rights by discriminating against him, failing to promote him, demoting him and subjecting him to a hostile work environment due to his disabilities.

33. Defendant's actions were intentional, willful and in reckless disregard of Porter's rights as protected by the ADAAA.

34. Porter has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### Count II – Title VII – Race Discrimination

35. Porter hereby incorporates by reference paragraphs one (1) through thirty-four (34) of his Complaint.

36. Porter was discriminated against, denied promotion, demoted, and subjected to a hostile work environment based on his race.

37. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

38. Defendant's actions were willful, intentional, and done with reckless disregard for Porter's civil rights.

39. Porter has suffered injury as a result of Defendant's unlawful actions.

### COUNT III – TITLE VII – RETALIATION

40. Porter hereby incorporates by reference paragraphs one (1) through thirty-nine (39) of his Complaint.

41. Porter was discriminated against, subjected to a hostile work environment, denied promotion, and demoted based on his engaging in an activity protected by Title VII of the Civil Rights Act of 1964.

42. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

43. Defendant's actions were willful, intentional, and done with reckless disregard for Porter's civil rights.

44. Porter has suffered injury as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, John Porter, Jr., by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to his prior position – before his demotion, with the salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay to Plaintiff all of her lost wages and benefits;

3. Enjoin Defendant from further discriminatory actions against any employee based on their race or disability;

4. Award Plaintiff a promotion he should have received absent Defendant's discriminatory actions along with all pay and benefits associated with that position or the pay and benefits he should have received with the positions;

5. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

6. Pay to Plaintiff punitive damages;

7. Pay to Plaintiff pre- and post-judgment interest;

8. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

9. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, John Porter, Jr., by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff*